# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAMONA SANZONE,
              Appellant,

          v.

OFFICE OF PERSONNEL
     MANAGEMENT,
              Agency.

DOCKET NUMBER
PH-0841-25-1402-I-1

DATE: April 27, 2026

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ramona Sanzone, Blue Point, New York, pro se.

Eva Ukkola, Angerlia D. Johnson, and Carla Robinson, Washington, D.C.,
     for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. On petition for review, she argues that the administrative judge erred in finding her appeal untimely. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant is a former Federal employee, who submitted a retirement application under the Federal Employees' Retirement System (FERS) in 2020. Initial Appeal File (IAF), Tab 4 at 9. On August 21, 2024, she filed a reconsideration request with the Office of Personnel Management (OPM) in which she requested that her FERS annuity be recomputed to include 2 additional years of service credit. *Id.* at 8, 11-12. OPM issued a reconsideration decision, dated November 6, 2024, denying her request. *Id.* at 8-10. The appellant filed an initial appeal with the Board challenging the reconsideration decision in April 2025. IAF, Tab 1. The administrative judge issued an initial decision on June 16, 2025, which dismissed her appeal as untimely. IAF, Tab 5, Initial Decision (ID) at 3-5. On July 18, 2025, the appellant submitted a petition for review in which she disagrees with the administrative judge's finding that her appeal was untimely. Petition for Review (PFR) File, Tab 1 at 1-4.

On November 6, 2024, OPM issued the appellant a reconsideration decision, affirming its initial decision and denying her request for it to recompute her FERS annuity. IAF, Tab 4 at 8-10. The reconsideration decision was

delivered to her via U.S. Mail on November 8, 2024, and informed her of her right to appeal the decision to the Board within 30 calendar days. *Id.* at 6, 10. The Board received the appellant's initial appeal on April 22, 2025. IAF, Tab 1 at 1.

The appellant bears the burden of proof as to timeliness, which she must establish by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B). An appeal of an agency decision must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date the agency's decision is received, whichever is later. 5 C.F.R. § 1201.22(b). If an appellant does not timely submit her appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Maggard v. Office of Personnel Management*, 102 M.S.P.R. 75, ¶ 8 (2006).

In this case, the appellant does not address OPM's evidence that its reconsideration decision was delivered to her by U.S. Mail on November 8, 2024. IAF, Tab 4 at 6. Because she provides no evidence or argument to the contrary, we discern no reason to disturb the administrative judge's finding that the appellant received OPM's reconsideration decision on November 8, 2024. ID at 3. Therefore, her initial appeal with the Board was due 30 calendar days later on December 9, 2024.[2] 5 C.F.R. §§ 1201.4(h), 1201.22(b). The appellant dated her initial appeal "4/2025" and mailed it to the Board on April 16, 2025. IAF, Tab 1 at 2, 5. Thus, she did not submit her appeal within the required 30 days.

The remaining question is whether the appellant has shown good cause for her delay in filing her initial appeal with the Board. She asserts that she immediately filed her initial appeal with the Board "as soon as Congressman

---

[2] Thirty calendar days after November 8, 2024, was Sunday, December 8, 2024. The Board's regulations state that if the date that ordinarily would be the last day for filing falls on a Sunday, the filing period will include the first workday after that date. 5 C.F.R. § 1201.23(a). In this case, the next workday was Monday, December 9, 2024.

[Andrew] Garbarino's office gave me info[rmation]." PFR File, Tab 1 at 1. However, she includes neither the information she received from Congressman Garbarino's office nor her correspondence from them. As a result, we find that she has not established good cause for her delay in filing because she has not provided preponderant evidence that she exercised due diligence or ordinary prudence under the particular circumstances of her case. *See Maggard*, 102 M.S.P.R. 75, ¶ 8; 5 C.F.R. § 1201.56(b)(2)(i)(B).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.